## SENECA HOLLAND et al. versus LUCINDA DICKINSON et al.

A part of the real estate of an intestate being required for the payment of his debts, his widow and children (some of them, being minors, by their guardians) agreed that the whole should be sold together, and that the interest of one third of the proceeds should be secured to the widow during her life. Upon the petition of D. as guardian of one of the minors, and of the widow as guardian of the others, D. was licensed to sell the shares of the minors, and he made a sale accordingly, the other heirs joining in the conveyance and the widow releasing her dower. D. afterwards executed a note with surety, which was subsequently secured by a mortgage, for the amount of one third of the proceeds, payable to the heirs, with interest payable to the widow for her life, and delivered the same to the widow, who deposited it with B. for the benefit of all concerned. Afterwards, without the knowledge of the heirs, the note was exchanged for two notes given by other promisors, amounting to the same sum, one payable to the widow or order, the other to B. or order. It was *held*, that a bill in equity in favor of the heirs, either to enjoin these promisors from paying the principal to the promisees, or to compel the promisees to give security, would not lie under *St.* 1817, *c.* 87, on the ground that here was a trust arising in the settlement of an estate, nor under *St.* 1823, *c.* 140, on the ground that the parties were partners or tenants in common in the fund or securities.

THIS was a bill in equity brought by some of the heirs of Perez Dickinson against Lucinda Dickinson and Lucius Boltwood.

The bill states that Perez died in 1813, intestate, leaving a widow (Lucinda, the defendant) and seven children, two of them being of age and the others under age; that a small part of the intestate's real estate being required for the payment of his debts, the widow and heirs entered into a parol agreement that the whole of it should be sold together; that in 1817, upon the petition of Samuel F. Dickinson as guardian of one of the minors, and of Lucinda Dickinsc as guardian of the

others, Samuel F. Dickinson was licensed to sell the respective shares of the minors ; that accordingly the whole real estate was sold and conveyed in that year, for $ 10,790·19, the other heirs joining in the conveyance, and the widow releasing her dower in consideration of having secured to her the interest of one third part of the proceeds ; that each heir received his share of the other two thirds ; that Samuel F. Dickinson, on April 1st, 1823, executed his promissory note with sufficient surety, and afterwards gave further security by a mortgage of sufficient real estate, for the sum of $ 3596·73, payable to the heirs of the intestate, at the decease of the widow, with interest payable to the widow during her life ; that Samuel F. Dickinson delivered the note to the widow, she being entitled to the interest in her own right, and to the custody of the note in right of her wards equally with the other heirs ; which note she, on the same day, delivered to Boltwood, as her agent and attorney, and as the common depositary of the same for the benefit of all concerned therein, and she has since received the interest; that on November 15th, 1828, Boltwood, by her direction, and without the knowledge of the plaintiffs, gave the note up to J. Leland and N. Dickinson, who had taken upon themselves the obligation to pay it for Samuel F. Dickinson, and that Boltwood received of them, for part thereof, a note for $ 2500, payable to the widow or her order on demand with interest, and for the residue, another note payable to Boltwood or order on demand with interest ; and that the widow claims the absolute property in these two notes, and the right of disposing of them as her own ; by means whereof the heirs, and especially the plaintiffs, have lost their control over the original note and their property therein. Wherefore the plaintiffs pray that the widow and Boltwood may be prohibited from collecting of Leland and N. Dickinson the principal of the notes given by them, or that the widow and Boltwood may be compelled to give security for the benefit of the plaintiffs and others interested therein. They also pray for general relief.

The defendants filed a general demurrer.

S. F. Dickinson, for the plaintiffs, contended that the Court could take cognizance of the bill, by virtue of St. 1817, c. 87,

Holland<br>v.<br>Dickinson.

Sept. 28th.

Holland
*v.*
Dickinson.

giving them authority to determine in equity, all cases of trust arising " in the settlement of estates." No decision is to be found under this class of trusts, but the equity power of the Court has been liberally extended in all cases coming within any of the classes provided for in this and other statutes. *East Sudbury* v. *Belknap*, 1 Pick. 512 ; *Charles River Bridge* v. *Warren Bridge*, 6 Pick. 395 ; *Jones* v. *Boston Mill Corp.* 4 Pick. 511 ; *Commonwealth* v. *Sumner*, 5 Pick. 360. This was a trust arising out of the settlement of an estate. An estate is not settled until distribution is made among the heirs. This trust need not be created by writing. 4 Pick. 511.

The Court have jurisdiction of the case, by virtue of *St.* 1823, *c.* 140, § 2, giving them power to " determine in equity all disputes between copartners, joint tenants, and tenants in common." Copartners may be understood to embrace all having a common interest in the fund, as well as actual partners in trade. *Ferry* v. *Henry*, 4 Pick. 75 ; *Chandler* v. *Chandler*, ibid. 78. But however this may be, the plaintiffs are tenants in common in the securities, and have a joint interest in them. There is no adequate remedy at law ; and if any, the defendants may be insolvent. The bill is for relief generally, and the Court have power to grant it.

*Wells* and *Boltwood*, for the defendants.

*Oct. 1st.*

*Per Curiam.* The grounds of the demurrer seem to be, that the Court have not equity jurisdiction over the case, and that there is a remedy at law.

The plaintiffs contend that the bill discloses a trust within the meaning of the statute of 1817, giving to this Court equity powers in cases of trust " arising in the settlement of estates." It is not easy to determine from the language itself, what is the meaning of this clause of the statute, nor has it been ascertained by judicial decisions. We go no further at present than to say, that the case before us does not come within the statute.

The relation of trustee and *cestui que trust* does not exist between these parties. The defendant Boltwood is a stranger to the plaintiffs, and has no other relation to the transaction than as agent of the other defendant, Lucinda Dickinson. She

was the widow of Perez Dickinson, and the plaintiffs were two
of his children and heirs at law.    Some real estate descended
to them, in which she had a right of dower.    But she was not
the administrator, nor their guardian, nor the person licensed
to make the sale    If therefore the sale of real estate, under a
license by virtue of the statutes, may be regarded as a proceed-
ing in the settlement of the estate of the deceased, whose lands
are thus sold, and the person licensed as charged with a trust
under the same, it would not reach this case, inasmuch as the
widow exercised no such authority, and therefore stood charged
with no such trust.

The parol agreement set forth, as to the disposition to be
made of the proceeds of these sales, was an after and indepen-
dent agreement.    It might have been very proper, to the due
execution of the intentions of these parties, to provide that
these proceeds should be placed in the hands of a trustee to
invest and keep them at interest, to pay the interest to the widow
during her life, and to distribute the principal among the heirs
afterwards.    But no such trust was created, and if there had
been, it would have been a trust arising under the agreement,
and not under the settlement of an estate.

Nor is there any better ground upon which to maintain the
jurisdiction of the Court and sustain this bill, by force of the
statute of 1823, c. 140, giving remedies in equity, where obli-
gations and securities are wrongfully detained, and in cases of
controversy between copartners, joint tenants, and tenants in
common.

By the agreement set forth in the bill, the widow, as to the
fund in question, having one third of the proceeds of the real
estate, was to receive the interest during her life, and then the
heirs to receive and distribute the principal.

If no other person was appointed to receive the interest and
pay it over to her, it seems to follow of course that she must
have the control of the fund, in order to keep it at interest and
to receive the income.    This might be an improvident agree-
ment, and might render the fund for the heirs insecure ; but
this would arise from the nature of the agreement itself, and
would not warrant a proceeding in equity, to take from her the
control of the fund acquired under it.    If such was the effect

of the agreement, the defendant Lucinda Dickinson seems en-titled to the sole control of the fund, and of course to the cus-tody of the securities, and so it was considered by the parties, by delivering them to her. Nor are the plaintiffs tenants in common with her, either in the fund itself or in the securities.

There is one suggestion in the bill, entitled to a passing notice; it is, that the notes, secured by sureties and also by mortgage, given by Samuel F. Dickinson, for the amount in controversy, were in terms made payable to the plaintiffs and others, the heirs of Perez Dickinson, and the interest only made payable to Lucinda Dickinson. If such is the fact, it is difficult to perceive how any valid payment of the *principal* can be made to her, or how the fact of her giving up or sur-rendering the note, it being done wrongfully and without author-ty, can afford any valid discharge to the persons liable for such note and mortgage. If such be the case, we do not perceive why the heirs may not, by preserving proof of the fact, when their right to collect the principal, by the terms of the obliga-tion, accrues, by the death of the widow, bring their action and recover the amount. These remarks however are founded upon a suggestion in the bill, not very fully developed, and may perhaps not be warranted by the facts as they actually exist. If it were so however, until their right does accrue, the widow would be entitled to the custody of the securities, and the rem-edy of the plaintiffs would be at law. We are therefore of opinion that the case is not within either of the statutes cited, that it is not within the equity jurisdiction of the Court, and therefore must be dismissed.